IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MICHAEL SCOTT GRAF and )
PAULA GRAF, )
 )
  Plaintiffs, )
 )
v. )  CIVIL ACTION NO. 11-0064-CG-N
 )
ROBERT LANIER MORGAN; et al., )
 )
  Defendants )

## ORDER

  This matter is before the court on plaintiffs' motion to amend pretrial disclosures, trial witness list and trial exhibit list (Doc. 68); defendants' opposition thereto (Doc. 69); plaintiffs' motion for sanctions (Doc. 73); and defendants' opposition thereto (Doc. 92).  For the reasons explained below, the court finds that plaintiffs' motions should be denied.

  Plaintiffs seek to amend the pretrial disclosures, trial witness list and trial exhibit list to include Pat Reichley as a witness as well as the audio recording of a 911 call placed by Mr. Reichley.  Plaintiffs also move for sanctions, pursuant to Rule 37(c) for defendants' failure to disclose and supplement discovery responses to identify Reichley and produce his 911 recording.  However, the court finds that neither relief is appropriate under the circumstances.

  While leave to amend under Rule 15(a) may be freely given, leave to amend after a scheduling order deadline will only be given upon a showing of "good cause"

under Rule 16(b). <u>Sosa v. Airprint Systems, Inc.</u>, 133 F.3d 1417, 1418 (11th Cir.

1998).   "Otherwise, scheduling order deadlines would be 'meaningless' and the good

cause requirement articulated by Rule 16(b) would effectively be read out of the

Federal Rules of Civil Procedure." <u>Anderson v. Board of School Comm'rs of Mobile</u>

<u>County, AL</u>, 78 F.Supp.2d 1266,1269 (S.D. Ala. 1999).   This "good cause standard...

precludes modification of a scheduling order deadline unless it cannot 'be met

despite the diligence of the party seeking the extension.'" <u>Id.</u> (citations omitted).

As to the sanctions sought, Federal Rule of Civil Procedure 37(c), provides in

pertinent part:

> (1) Failure to Disclose or Supplement. If a party fails to provide
> information or identify a witness as required by Rule 26(a) or (e), the
> party is not allowed to use that information or witness to supply
> evidence on a motion, at a hearing, or at a trial, unless the failure was
> substantially justified or is harmless. In addition to or instead of this
> sanction, the court, on motion and after giving an opportunity to be
> heard:
>
>> (A) may order payment of the reasonable expenses, including
>> attorney's fees, caused by the failure;
>>
>> (B) may inform the jury of the party's failure; and
>>
>> (C) may impose other appropriate sanctions, including any of the
>> orders listed in Rule 37(b)(2)(A)(i)-(vi).

FED. R. CIV. P. 37(c)(1).  Plaintiffs' motion to amend and motion for sanctions are

generally based on the same factual assertions and the court will discuss the support

for both motions together.

2

While the court agrees that Reichley may be an important witness for plaintiffs, plaintiffs' predicament is the result of their own failure to diligently pursue discovery in this case. The court is aware that plaintiffs' failings may have been partially due to plaintiffs having changed counsel several times during this litigation (a total of five attorneys have represented plaintiffs) and to plaintiffs having represented themselves at times during this litigation. However, plaintiffs voluntarily chose their attorneys as their representatives, chose to fire and hire those attorneys and chose to proceed pro se at times. Therefore, plaintiffs cannot escape any deficiencies of their case by claiming negligence in the acts or omissions of their attorneys or by asserting a lack of knowledge of the rules. See Link v. Wabash Railroad Co., 370 U.S. 626 (1962); see also Barger v. City of Cartersville, 348 F.3d 1289, 1295 (11th Cir. 2003) ("[I]f an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice." quoting Link supra). Pro se plaintiffs are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure," the same as any other litigants.[1] Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).

_____

[1] The Eleventh Circuit has stated:
> Courts do and should show a leniency to pro se litigants not enjoyed by those with the benefit of a legal education. See, e.g., Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990). Yet even in the case of pro se litigants this leniency does not give a court license to serve as de facto counsel for a party, see Hall v. Bellmon, 935 F.2d 1106, 1109 (10th

In addition, the court notes that extensions in scheduling deadlines have been granted in this case to accommodate plaintiffs having obtained new counsel or to allow the parties additional time because discovery or communication between the parties had been delayed due to plaintiffs' counsel having withdrawn from the case. (Docs. 22, 23, 32, 34). It is also notable that plaintiffs repeatedly failed to comply with their own discovery obligations, making it difficult for defendants to obtain plaintiffs' medical records and an itemization of plaintiffs' damage claim.

Plaintiffs contend that defendants failed to disclose and supplement discovery responses to identify Reichley and produce his 911 recording, but have not shown why they could not have obtained the information themselves if they had diligently pursued discovery. Defendants did not have any knowledge of Reichley or the 911 call until  they received the response from their third party subpoena to Baldwin County 911. (Doc. 92-4). The response from Baldwin County did not name Mr. Reichley, but listed phone numbers of persons who had called in around the date and time of the accident. (Doc. 92-4, p. 6). It was only through defendants' investigation that defendants ultimately discovered Mr. Reichley had called 911 concerning the incident at issue in this case. Plaintiff chose not to subpoena any third parties.

---

Cir.1991), or to rewrite an otherwise deficient pleading in order to sustain an action, see Pontier v. City of Clearwater, 881 F.Supp. 1565, 1568 (M.D.Fla.1995).
GJR Investments Inc. v. County of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998).

Plaintiffs point to the initial disclosures and plaintiffs' discovery requests and contend that defendants should have supplemented their responses to include information about Mr. Reichley.  Defendants dispute that supplementation was appropriate in these circumstances; but even if defendants should have supplemented their responses, defendants had objected to the discovery requests on the basis of work product privilege.  Defendants neither challenged those objections nor filed any motions to compel.  Even after plaintiffs learned that there were relevant 911 calls, plaintiffs still neglected to subpoena the information from Baldwin County 911, failed to specifically request the information from defendants, and did not move to compel production.

Plaintiffs report that on September 9, 2011, a paralegal for plaintiffs' counsel sent an email to a paralegal employed by defendants' counsel requesting that they provide "copies of any and all documents that you receive pursuant to the subpoenas you have issued to non-parties regarding the above referenced matter." (Doc. 73-2). Plaintiff did not serve any formal document request specifically seeking non-party subpoena information.  Defendants' counsel contends that they understood the email to be requesting documents that were currently being obtained, not 911 information that is routinely subpoenaed at the beginning of the case and had already been received.  Defendants state that they were unaware that plaintiffs had not already obtained the 911 information.  At this point in the litigation, defendants had already

5

deposed another 911 caller, Rebecca Gaines, whose identity was tracked down from the documents received from Baldwin County 911. (Doc. 69-4 – Gaines Depo. dated Aug. 22, 2011). Thus plaintiffs were clearly aware of the existence of 911 information. In response to plaintiffs' email, defense counsel provided defendants with a disk containing documents and a cover letter, dated September 13, 2011, stating that "Per your request, I am enclosing a disk containing medical records received in response to subpoenas issued by Defendants." (Doc. 73-3). The cover letter then went on to list 15 medical record documents that were provided. Defendants thought their response fully complied with plaintiffs' request and defendants did not respond with any objection, additional request, or motion to compel. Under the circumstances, the court finds that even if defendants' production of requested documents was deficient, defendants' actions were substantially justified.

> Substantial justification requires justification to a degree that could satisfy a reasonable person that parties could differ as to whether the party was required to comply with the disclosure request. The proponent's position must have a reasonable basis in law and fact. The test is satisfied if there is [a] genuine dispute concerning compliance.

Chapple v. Alabama, 174 F.R.D. 698, 701 (M.D. Ala. 1997)(quoting Nguyen v. IBP, Inc., 162 F.R.D. 675, 680 (D. Kan 1995)). Here, the court finds it was reasonable for defendants to believe that they had complied with plaintiffs' request. Moreover, defendants were simply being accommodating in providing any responsw to the informal request. Additionally, defendants maintain that the information regarding

6

Reichley was privileged attorney work product, since it resulted from their own investigation. Furthermore, the non-disclosure was arguably harmless, since plaintiffs were already aware that there was 911 caller information and could have sought the information themselves.

After review of all of the circumstances of this case, the court finds that plaintiffs' motions to amend and for sanctions should be denied. The court notes that defendants have requested attorneys fees and costs for having to respond to these motions. (Doc. 92, p. 30). However, the court finds it was not completely unreasonable for plaintiffs' to move to amend and for sanctions and finds that the motions were not so baseless as to warrant attorneys fees and costs.

## CONCLUSION

For the reasons stated above, plaintiffs' motion to amend pretrial disclosures, trial witness list and trial exhibit list (Doc. 68) and plaintiffs' motion for sanctions (Doc. 73) are **DENIED.** The court declines to award attorneys fees and costs regarding these motions.

**DONE and ORDERED** this 13th day of March, 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

7